**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**KEVIN D. DARRAH,**

    **Plaintiff,**

vs.                                                  **Case No.: 2:12-cv-899
JUDGE SMITH
Magistrate Judge King**

**DR. KRISHER,** *et al.***,**

    **Defendants.**

## ORDER

On January 15, 2015, the United States Magistrate Judge issued a *Report and Recommendation* recommending that Defendants Eddy, Krisher, Weil, and the State of Ohio on behalf of Karen Stanforth's Motion for Summary Judgment be **GRANTED IN PART AND DENIED IN PART.** Specifically, with respect to Defendant Karen Stanforth, it was recommended that the motion for summary judgment be denied without prejudice to the filing of a motion addressing the merits of the claims asserted against her. And that the motion for summary judgment be granted as to Defendants Eddy, Krisher, and Weil. (*See Report and Recommendation*, Doc. 53). The parties were advised of their right to object to the *Report and Recommendation.* This matter is now before the Court on Plaintiff's and Defendants' Objections to the Magistrate Judge's *Report and Recommendation*. (*See* Docs. 54 and 55). The Court will consider the matter *de novo*. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Defendants object only to the portion of the *Report and Recommendation* denying summary judgment to Defendant Karen Stanforth. Defendants accept the Magistrate Judge's findings with respect to the issues of service and personal jurisdiction, but object that the

Magistrate Judge only considered these issues and not the merits of Plaintiff's claims against Defendant Stanforth.

The Magistrate Judge specifically noted that "the motion for summary judgment, as it relates to defendant Stanforth, is based only on the defenses of insufficient service of process and personal jurisdiction." (Doc. 53, *Report and Recommendation* at 16-17). The Magistrate Judge therefore proceeded to evaluate the merits of the claims against the other defendants, Krisher, Eddy, and Weil, but not the merits of the claims against Defendant Stanforth. The Court agrees. Counsel failed to assert that if the Court disagrees with Defendant Stanforth's position with respect to service and personal jurisdiction, then she wishes the Court to consider the merits of her claim. Out of an abundance of caution and to allow Plaintiff to specifically address the merits with respect to Defendant Stanforth, she must move this Court to consider those arguments. Therefore, the Court does not find any error by the Magistrate Judge and Defendants' Objection is **OVERRULED**.

Plaintiff Darrah objects to the Magistrate Judge's recommendation that summary judgment be granted for Defendants Eddy, Krisher, and Weil. Specifically, Plaintiff asserts that there are genuine issues of material fact regarding his Eighth Amendment claim. Plaintiff argues that he presented sufficient evidence and the Magistrate Judge did not adequately consider such evidence. Further, he asserts that the Magistrate Judge's determination regarding his risk of infection contradicts clearly established Sixth Circuit case law. (Pl.'s Objs. at 11).

Plaintiff's objections present issues that were fully briefed and considered by the Magistrate Judge in the *Report and Recommendation*. The Magistrate Judge carefully considered all of the evidence before her in rendering the well-reasoned *Report and*

2

*Recommendation*.  The Court does not find that the Magistrate failed to properly consider any evidence or that the ruling contradicts established Sixth Circuit precedent.  For the reasons stated in detail in the *Report and Recommendation*, this Court finds that Plaintiff's objections are without merit.

Accordingly, the *Report and Recommendation,* Document 53, is **ADOPTED** and **AFFIRMED.**  Defendants' Motion for Summary Judgment is hereby **GRANTED IN PART AND DENIED IN PART**.

Defendants have also filed a Motion for Order to Strike Plaintiff's Reply, Doc. 62, to Defendants' Response to Plaintiff's Objections, or in the alternative motion for leave to file a response to Plaintiff's Reply (Doc. 63).  The Court has reviewed Plaintiff's Reply and does not believe that it offers additional substantive argument that would necessitate a response from Defendants.  Technically, Plaintiff's Reply was filed out of rule, but nonetheless, the Court had already considered it prior to receipt of Defendant's motion.  Therefore, Defendants' Motion to Strike is **DENIED AS MOOT**.

The Clerk shall remove Documents 40, 53, 54, 55 and 63 from the Court's pending motions list.

    **IT IS SO ORDERED**.

                /s/ *George C. Smith*
                **GEORGE C. SMITH, JUDGE**
                **UNITED STATES DISTRICT COURT**